EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

ELLIOT ENOKI        #1528
First Assistant U.S. Attorney

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: William.Shipley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 03 2004

at ____ o'clock and ____ min. ____M
WALTER A.Y.H. CHINN, CLERK


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CR04-00222 SOM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | INDICTMENT |
| vs. ) | |
| ) | Wire Fraud (12 Counts) |
| ) | [18 U.S.C. § 1343 and 2] |
| JOHN CERIZO,      (01) ) | |
| JANETH CERIZO,    (02) ) | |
| ) | |
| Defendants. ) | |
| ) | |


I N D I C T M E N T

The Grand Jury charges that:

<u>COUNTS 1 THROUGH 12</u>:
[18 U.S.C. §§ 1343 and 2 –
Wire Fraud and Aiding and Abetting]

<u>INTRODUCTION</u>:

1.    From on or about December, 1999, to on or about July, 2002, JOHN CERIZO was a resident of Maui County, Hawaii.

2.    From on or about December, 1999, to on or about November, 2002, JANETH CERIZO was a resident of Maui County, Hawaii.

3.    From on or about July 2002, to on or about October, 2003, JOHN CERIZO has resided in the Philippine Islands.

4.    From on or about November, 2002, to on or about October, 2003, JANETH CERIZO has resided in the Phillipine Islands.

5.    At all times material to this indictment, JOHN CERIZO and JANETH CERIZO were husband and wife.

6.    At all times material to this indictment, "CT International Ltd.," was purportedly an foreign financial investment company, with addresses of P.O. Box 997, Greenville St. Andrew, Greneda, West Indies, and 2503 Bank of America Tower, 12 Harcourt Road Central, Hong Kong.

7.    At all times material to this indictment, "E.C." was a resident of Maui County, Hawaii.

8.    At all times material to this indictment, "M.M" was a resident of Maui County, Hawaii.

9.    At all times material to this indictment, "M.V." was a resident of Maui County, Hawaii.


BACKGROUND

10.    At various times beginning in 1998, and continuously from October 2000 to December 2001, JOHN CERIZO was a licensed agent of Massachusetts Mutual Life Insurance Company, and worked as a securities broker/agent for its subsidiary, Massachusetts Mutual Investors Services, Inc.   In that capacity, he marketed life insurance and other investment opportunities for his clients in Maui County, Hawaii, and elsewhere.

11.    Beginning in or about December of 1999, defendants JOHN CERIZO and JANETH CERIZO began promoting to the insurance clients of JOHN CERIZO an investment opportunity which the CERIZOS represented to be a "high yield, no risk" overseas investment program, the earnings on which would be tax-free because the investment was made in a foreign country. The investment opportunity was variously referred to orally and in written information provided by defendants JOHN CERIZO and JANETH CERIZO as a "Federal Reserve Backed Capital Enhancement Trading Program (High-Yield Investment Program)", "Bank Debenture Trading Program," and "Short-Term Bond/Note Trading Program"

3

(collectively referred to herein as "Overseas Investment Program").

12.   As part of his employment as a broker/agent for Massachusetts Mutual Investors Services, Inc., in 1999 and 2000, JOHN CERIZO taught seminars entitled "Successful Money Management" under the auspices of Mass Mutual at Maui County Community College.  These investment seminars were intended for adults focusing on retirement planning and investing.  Beginning in or around December of 1999, JOHN CERIZO approached attendees of his "Successful Money Management" class and solicited their participation and investment in the Overseas Investment Program.

13.   Investors were provided with wire transfer instructions for the purpose of making the initial contribution to the "Overseas Investment Program."  The wire instructions directed the transfer of the Investor's funds to a foreign bank account in the name of CT International, initially at Julius Baer & Cie S.A., Geneva, Switzerland, and later to the Hong Kong Shanghai Commercial Bank, Hong Kong ("HSBC").

14.   From December 1999 to July 2002, approximately 50 individuals transferred in excess of $5 million to the custody and control of JOHN CERIZO and JANETH CERIZO as a result of their solicitations.

15.   In December 2001, JOHN CERIZO confided to one Investor that the money transferred to the HSBC account had been

4

"lost", and that he would have to go to the Philippines in an effort to recoup some or all of the money belonging to the investors.

16.    In or about July, 2002, JOHN CERIZO moved from Hawaii to Manila, Phillipines.  Prior to and following JOHN CERIZO'S departure, he and JANETH CERIZO told certain Investors that difficulties had arisen with respect to the Overseas Investment Program, and that JOHN CERIZO had to travel to the Philippines to resolve those problems.

17.    In or about November, 2002, JANETH CERIZO moved from Hawaii to Manila, Philippines and joined JOHN CERIZO in his efforts.  From November, 2002 to October, 2003, JOHN CERIZO and JANETH CERIZO have maintained period contact with various Investors through electronic mail messages sent via internet service providers.

THE SCHEME AND ARTIFICE TO DEFRAUD

18.    From a precise earlier date unknown, but by August 2002, and continuing through on or about October, 2003, in the District of Hawaii and elsewhere, JOHN CERIZO and JANETH CERIZO knowingly devised and intended to devise a scheme and artifice to defraud and a scheme and artifice for obtaining money by means of material false and fraudulent pretenses, representations and promises, as well as omissions of material fact, well knowing at the time that such pretenses, representations, promises and

5

omissions would be and were false when made.  Such false
statements, representations, promises and omissions included the
following:

19.  It was part of the scheme that defendant JOHN
CERIZO and JANETH CERIZO provided and caused to be provided false
and fraudulent information to E.C., M.M., and M.V., for the
purpose of persuading them to transfer funds to the possession of
the JOHN CERIZO and JANETH CERIZO with the belief and expectation
that those funds would be invested in a search for valuable
"commodities" located  in the Philippine Islands, and that the
value of those "commodities" would be used to reimburse the money
lost by the Investors in the Overseas Investment Program.

20.  Beginning in or around December, 2001, JOHN CERIZO
told certain Investor(s) about an investment opportunity
involving the search for "Morganthau Bonds" in the Philippine
Islands.  JOHN CERIZO represented to those Investor(s) that
"Morganthau Bonds" were financial instruments issued prior to
World War II by the United States, and sent for safe-keeping in
the Philippine Islands during World War II where they have
remained hidden and unredeemed.  JOHN CERIZO stated to the
Investor(s) that the bonds were worth many times their face value
due to the accumulated but unpaid interest on the bonds, and that
they could be redeemed with the United States Treasury Department
for an enormous profit once they were found.  JOHN CERIZO

6

represented to Investor(s) that he obtained information in the Philippines about where the bonds were located, and even provided what he represented to be photographs of boxes in which the bonds were stored.    Beginning on or about January or February 2003, JOHN CERIZO began soliciting funds from Investors to facilitate JOHN CERIZO in his search for the "Morganthau Bonds" in the Philippine Islands.

21.    It was further part of the scheme and artifice to defraud that between August 2002 and October 2003, JOHH CERIZO and JANETH CERIZO used electronic mail communications to update Investor(s) on their ongoing efforts to locate and "authenticate" the "Morgenthau Bonds", as well as advising them to not lose faith as a result of numerous set backs and delays in the process as reported by them, all the while continuing to solicit money to finance their efforts.

22.    It was further part of the scheme to defraud that in or about July, 2003, JOHN CERIZO and JANETH CERIZO began representing to Investor(s) that they had obtained information concerning a large amount of gold that had been buried in the Philippine Islands, and that they were actively pursuing investment opportunities relating to the search for that gold. JOHN CERIZO represented to Investor(s) that photographs he sent to them depicted the mine location where the gold was expected to be found.

7

23.    It was further part of the scheme and artifice to defraud that between August 2002 and October 2003, JOHN CERIZO and JANETH CERIZO used electronic mail communications to update Investor(s) on their ongoing efforts to locate and take custody of gold, as well as advising them to not lose faith as a result of numerous set backs and delays in the process as reported by them, all the while continuing to solicit money to finance their efforts.

24.    It was further part of the scheme to defraud that JOHN CERIZO represented to Investors that the money that would be earned through their investment in his efforts to locate the Bonds/Gold would repay all the Investors for investment principal they had lost previously in Overseas Investment Program.

25.    Between August 2002 and October 2003, JOHN CERIZO and JANETH CERIZO persuaded Investors in Maui County, Hawaii, to provide approximately $120,000 for use by the CERIZOS in their own going efforts to locate Bonds/Gold in the Philippines.

THE WIRES

26.    On or about the dates listed below, within the District of Hawaii, and elsewhere, for the purpose of carrying out and aiding and abetting the scheme and artifice to defraud, as more fully set forth in paragraphs 1 through 25 above, defendants JOHN CERIZO and JANETH CERIZO caused, and aided and

abetted in causing, signs, signals and sounds to be transmitted

by means of wire and radio communications in interstate and

foreign commerce by causing, and aiding and abetting in causing,

signs, signals and sounds to be transmitted from the following

locations within the State of Hawaii, through locations outside

of the State of Hawaii:

| Count | Date | Description |
|-------|------|-------------|
| 1 | 2/10/03 | Data transmission between JohnCerizo@aol.com and epc@epchi.com in the form of electronic mail. |
| 2 | 4/19/03 | Data transmission between JohnCerizo@aol.com and Ang1108@aol.com in the form of electronic mail. |
| 3 | 4/30/03 | Data transmission between JohnCerizo@aol.com and Ang1108@aol.com in the form of electronic mail. |
| 4 | 5/4/03 | Data transmission between JohnCerizo@aol.com and Ang1108@aol.com in the form of electronic mail. |
| 5 | 5/17/03 | Data transmission between JohnCerizo@aol.com and Ang1108@aol.com in the form of electronic mail. |
| 6 | 6/13/03 | Data transmission between JohnCerizo@aol.com and Ang1108@aol.com in the form of electronic mail. |
| 7 | 6/20/03 | Data transmission between JohnCerizo@aol.com and Ang1108@aol.com in the form of electronic mail. |
| 8 | 7/1/03 | Data transmission between JohnCerizo@aol.com and epc@epchi.com in the form of electronic mail. |
| 9 | 7/24/03 | Data transmission between JohnCerizo@aol.com and epc@epchi.com in the form of electronic mail. |

| 10 | 7/25/03 | Data transmission between JohnCerizo@aol.com and epc@epchi.com in the form of electronic mail. |
| 11 | 8/11/03 | Data transmission between JohnCerizo@aol.com and epc@epchi.com in the form of electronic mail. |
| 12 | 8/13/03 | Data transmission between JohnCerizo@aol.com and MarlonAA@aol.com in the form of electronic mail. |

All in violation of 18 United States Code, Sections 1343 and 2.

DATED: June 3, 2004, at Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

WILLIAM L. SHIPLEY
Assistant U.S. Attorney

UNITED STATES v. JOHN CERIZO AND JANETH CERIZO
Cr. No. _____
"Indictment"